PEARSON, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANNAMARIE LAST NAME UNCERTAIN, | ) <br> ) CASE NO. 5:12MC122 <br> ) |
| Plaintiff, | ) <br> ) JUDGE BENITA Y. PEARSON |
| v. | ) <br> ) |
| ELECTORS FOR THE STATE OF OHIO, | ) <br> ) <br> ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **& ORDER** [Regarding ECF No. 1] |

*Pro se* Plaintiff Annamarie Last Name Uncertain[1] filed a "Motion for Declaratory Orders and an Interdict" (ECF No. 1) against Defendants "Electors for the State of Ohio." In her motion, Plaintiff appears to ask the Court to declare President Obama ineligible to be on the Ohio presidential ballot. Plaintiff also filed a "Motion to Proceed *In Forma Pauperis*." ECF No. 2. For the reasons explained below, the Motion to Proceed *In Forma Pauperis* is granted, and the Motion for Declaratory Orders and an Interdict is denied.

### I. Background

The multi-paged, single-spaced Complaint is disjointed and difficult to understand. It appears that Plaintiff, who identifies herself by only a first name, is a resident of Bradenton, Florida. ECF No. 1 at 5. She claims to sue on behalf of 649 other residents of Florida whom she alleges are "victims of state and constitutional crimes" relating to expert testimony given by an allegedly fraudulent Florida psychiatrist. ECF No. 1 at 11-12, 16. She asserts President Obama and his

---

[1] Plaintiff states that "I no longer have certainty as to my last name as a direct result of the Obama regime." ECF No. 1 at 5.

(5:12mc122)

"regime" had "firsthand knowledge" of the alleged crimes perpetrated against Plaintiff and these 649 individuals, but that he did nothing to stop these crimes. ECF No. 1 at 12. She claims generally to have "suffered extreme violations of individual, human rights, and women's rights abuses at the hands of the Obama regime over a prolonged period of time." ECF No. 1 at 5.

Plaintiff then asserts President Obama is not eligible to remain on the Ohio presidential ballot. She questions whether he is "natural born" citizen of the United States. ECF No. 1 at 2, 9. She alleges generally that he has engaged in "unconstitutional conduct" and that he intends to "replace the Constitution of the United States with an anything goes type of third world socialist communist bastardized regime." ECF No. 1 at 7, 17. She maintains that President Obama has "failed to keep his promise to conduct himself inside the framework of the Constitution" and has "became a threat to all the people of the United States." ECF No. 1 at 13.

Plaintiff asks this Court to issue a declaratory order that President Obama is ineligible to be a candidate for President and to order the defendants to refrain from allowing him to remain on Ohio's presidential ballot.[2]

---

[2] The Court notes that Plaintiff has filed similar, if not identical lawsuits, in numerous federal courts across the nation, including in the states of Maine, Washington, Illinois, New York, Alabama, Kansas, Montana, Oregon, Arizona, and New Hampshire. *See e.g. Annamarie Last Name Unknown v. Electors for the State of Maine*, Case No. 1:12cv293 (D. Maine); *Annamarie D. Riethmiller v. Electors for the State of Washington*, Case No. 1:12cv548 (E.D. Wash.); *Annamarie Last Name Uncertain v. Electors for the State*, Case No. 1:12cv1373 (C.D. Ill.); *Annamarie D. Riethmiller v. Electors for the State*, Case No. 1:12cv906 (W.D. N.Y.); *Annamarie Riethmiller v. Electors for the State of Alabama*, Case No. 2:12cv823 (M.D.Ala.); *Annamarie Riethmiller v. Electors for the State*, Case No. 5:12cv4117-JTM-DJW (D. Kan.); *AnnaMarie Riethmiller v. Electors for the State of Montana*, Case No. 9:12cv00164-DLC-JLC (D. Mont.); *Annamarie Last Name Uncertain v. Electors for the State*, 6:12cv1725 (D. Or.); *Annamarie D. Riethmiller v. Electors for the State*, Case No. 2:12cv02034-JAT (D. Ariz.); *Annamarie D. Riethmiller v. U.S. Electoral College, Electors, State of New Hampshire*, Case No.

(5:12mc122)

## II. Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 556 U.S. 662, 677- 78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. Bell Atl. Corp., 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A pleading that offers

---

1:12-fp-00363 (D. N.H.).

[3]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(5:12mc122)

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. Analysis

The Court liberally construes Plaintiff's "Motion for Declaratory Orders and an Interdict" (ECF No. 1) as a Complaint. Plaintiff fails to identify any specific legal theory or cause of action in her over 50 page single-spaced filing, nor does she set forth any factual assertions from which the Court could infer that she has any potential legal claim against the named Defendants.

As set forth above, principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would [ ]transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.3d at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on defendants to speculate about the

(5:12mc122)

potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the Complaint in the instant case fails to sufficiently state any federal claims and it is, therefore, subject to summary dismissal under § 1915(e)(2).

In addition, the Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent Plaintiff intends to assert any claims under state law, they are subject to summary dismissal under § 1915(e)(2).

### IV. Conclusion

Accordingly, this action is dismissed with prejudice under 28 U.S.C. §1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

(5:12mc122)

| | |
|---|---|
| <u>October 25, 2012</u> | <u> /s/ *Benita Y. Pearson* </u> |
| Date | Benita Y. Pearson |
| | United States District Judge |